This is a claim by plaintiff for $345.96 in damages for the cost of repairs and related expenses for a truck he purchased at a surplus property sale conducted by the General Services Administration (GSA). Plaintiff alleges the breach by defendant of an alleged contractual warranty of the truck’s good condition. Plaintiff proceeds pro se and for this reason we have most carefully considered his handwritten submission to the court, although it does not conform to the rules of the court as to form and content of a petition. We find no warranty was made by defendant as to the condition of the truck but, on the contrary, a warranty as to condition was expressly disclaimed and it was sold "as is.” We hold for defendant.
The gsa offered 188 used, surplus vehicles for sale by sealed bid with an opening date of February 26, 1980. Item 107 in the invitation for bids reads: "pickup: 1973 Dodge-8, 1/2 ton, model W100, 4x4, AT, PS, PB, SN W14AF3S089964, (PN 160529).”
The bid invitation carried the following statement preceding a list of sale items: "bidders are urged to inspect property before bidding.” At the end of the list of sale items it was stated:
note: Condition of items is not guaranteed. Deficiencies when known, have been indicated in the item description, however, absence of any indicated deficiency does not mean the item may not have deficiencies, bidders are CAUTIONED TO INSPECT THE PROPERTY.
In addition to the foregoing cautions about inspection, the general sales terms and conditions made a part of the invitation stated:
1. INSPECTION.
*825 The Bidder is invited, urged, and cautioned to inspect the property prior to submitting a bid. Property will be available for inspection at the places and times specified in the Invitation.
The invitation noted that any contract resulting from the offering was subject to the Contract Disputes Act of 1978 and incorporated the current "disputes clause” by reference. Plaintiff has elected direct access to this court. Defendant moves to dismiss the petition.
Plaintiff was the high bidder at $1,411. The low bid was $25. Plaintiffs bid indicated thereon that he had not inspected the vehicle on which he was bidding. Plaintiff was not satisfied with his purchase and indicated on the notice of award that he accepted it under duress "since the description did not show vehicle was damaged and inoperable.”
Plaintiffs claim to the contracting officer was denied on August 8, 1980, on the grounds that plaintiff had the duty to inspect and was warned to do so and that defendant had disclaimed any responsibility for the condition of the property. The contracting officer’s decision stated that "Physical inspection of the vehicle would have revealed its actual condition as stated in your letter and influenced your bidding accordingly.”
Plaintiff bases his claim that defendant warranted the condition of the truck upon the "guaranteed descriptions clause,” made a part of this contract by the "special conditions of sale” section of the invitation for bids. We do not see how it helps him. The guaranteed descriptions clause states, in pertinent part—
the Government hereby warrants and guarantees that the property to be delivered to the Purchaser * * * will be as described.
a.
(3) No adjustment shall be allowed for claims relating in any manner whatsoever to the condition of the property (including damage).
* * * * *
b. The Government Does Not Warrant or Guarantee Any of the Following:
*826 (1) That the item description contains all specific characteristics or performance data pertaining to the item described.
(2) Stated condition of the property (including statements as to the extent of the repairs required) is not in the item description as to its condition, is not guaranteed to be free from damages or defects or as not requiring repairs.
A heavily black-bordered note to the guaranteed descriptions clause states:
note:
Condition of items offered is not guaranteed. Deficiencies, when known, have been indicated in the item description; however, absence of any indicated deficiency does not mean the item may not have deficiencies. Bidders are cautioned to inspect before bidding. [Emphasis in original.]
In addition, the invitation for bids, as we have noted, clearly stated that the property offered was "as is” and "where is.”
Without further belaboring the matter, the court concludes that there is nothing defendant could have done other than what it did to put the bidder on notice for his own protection as well as for defendant’s protection. Plaintiff had the risk under the circumstances here and did not take the precautions for his protection which he was clearly warned to take. He must accept the consequences. Harry Thuresson, Inc. v. United States, 197 Ct. Cl. 88, 92, 453 F.2d 1278, 1280 (1972). Defendant neither made nor broke any warranty about the condition of the truck.
There remains only plaintiffs contention that a GSA employee and an employee of the U. S. Fish and Wildlife Service agreed to repair the truck when plaintiff went to pick it up. They deny this by affidavit, and deny making any promises in an effort to change the contract terms. Moreover, the general sales terms and conditions of the contract stated:
16. ORAL STATEMENTS AND MODIFICATIONS.
Any oral statement or representation by any representative of the Government, changing or supplementing the Invitation or contract or any Condition thereof, is unauthorized and shall confer no right upon the Bidder or Purchaser.
*827 it is therefore ordered that defendant’s motion for summary judgment is granted. The petition is dismissed.